1

2

3

4

5

6

7                               UNITED STATES DISTRICT COURT

8                          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   WILLIE WEAVER,                                No.  2:14-cv-1699-JAM-EFB P

11                  Plaintiff,

12        v.                                       FINDINGS AND RECOMMENDATIONS

13   SACRAMENTO POLICE
     DEPARTMENT,
14
                    Defendant.
15

16

17        Plaintiff Willie Weaver is a state prisoner proceeding without counsel in an action brought

18   under 42 U.S.C. § 1983.  He seeks leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(a).

19   For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible

20   to proceed in forma pauperis.

21        A prisoner may not proceed in forma pauperis:

22
          if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in
23        any facility, brought an action or appeal in a court of the United States that was
          dismissed on the grounds that it is frivolous, malicious, or fails to state a claim
24        upon which relief may be granted, unless the prisoner is under imminent danger of
          serious physical injury.
25

26   28 U.S.C. § 1915(g).  Court records reflect that on at least three prior occasions, plaintiff has

27   brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to

28   state a claim upon which relief may be granted.  *See* (1) *Weaver v. California Corr. Inst*., No.

                                                    1

1   1:06-cv-01429 OWW SMS P, 2007 U.S. Dist. LEXIS 32826 (E.D. Cal. Apr. 20, 2007) (order

2   dismissing action as frivolous and malicious); (2) *Weaver v. CCI-Tehachapi*, No. 1:04-cv-6079

3   LJO WMW P (E.D. Cal. Dec. 7, 2007) (order dismissing action for failure to state a claim); and

4   (3) *Weaver v. Appeal Coordinator*, No. 1:06-cv-0134 OWW DLB P, 2006 U.S. Dist. LEXIS

5   61532 (E.D. Cal. Aug 28, 2006) (order dismissing action for failure to state a claim).  *See also*

6   *Weaver v. Sacramento County Main Jail*, No. 2:13-cv-1260-TLN-EFB (Sept. 16, 2013, E.D. Cal.)

7   (order designating plaintiff a three-strikes litigant for purposes of section 1915(g), denying

8   application to proceed in forma pauperis, and dismissing case); *Weaver v. Gillen*, No. 2:13-cv-

9   1183-TLN-EFB (Sept. 16, 2013, E.D. Cal.) (same); *Weaver v. Connelly*, No. 2:13-cv-1470-MCE-

10  EFB (Aug. 26, 2013, E.D. Cal.) (same); *Weaver v. Deuel Vocational Institute*, No. 2:13-cv-1471-

11  MCE-EFB (Aug. 26, 2013, E.D. Cal.) (same).

12        The section 1915(g) exception applies if the complaint makes a plausible allegation that

13  the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C.

14  § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  For the exception to

15  apply, the court must look to the conditions the "prisoner faced at the time the complaint was

16  filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner

17  allege "an ongoing danger" to satisfy the imminency requirement). Courts need "not make an

18  overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055.

19        In the complaint, plaintiff seeks fifteen million dollars in compensatory and punitive

20  damages on the grounds that he was falsely arrested and imprisoned.  ECF No. 1.  Plaintiff's

21  allegations do not demonstrate that he suffered from imminent danger of serious physical injury

22  at the time he filed his complaint.  Thus, the imminent danger exception does not apply.

23        Because plaintiff has not paid the filing fee and is not eligible to proceed *in forma*

24  *pauperis*, this action must be dismissed.

25        Accordingly, it is hereby RECOMMENDED that this action be dismissed without

26  prejudice to re-filing upon pre-payment of the $400 filing fee.

27        These findings and recommendations are submitted to the United States District Judge

28  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

1   after being served with these findings and recommendations, any party may file written

2   objections with the court and serve a copy on all parties.  Such a document should be captioned

3   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

4   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

5   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

6   Dated:  August 4, 2014.

7

8               EDMUND F. BRENNAN

9               UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28